[Cite as *State v. Mills*, 2012-Ohio-438.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| CHRISTIE I. MILLS | : | Case No. 11CA39 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 09CR550H


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               February 2, 2012


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JILL M. COCHRAN                         CHRISTIE I. MILLS, PRO SE
38 South Park Street                    Inmate No. 76671
Mansfield, OH  44902                    Northeast Pre-Release Center
                                        2675 East 30th Street
                                        Cleveland, OH  44115

*Farmer, J.*

**{¶1}** On August 10, 2009, the Richland County Grand Jury indicted appellant, Christie Mills, on eight counts of receiving stolen property in violation of R.C. 2913.51. On October 15, 2009, appellant pled guilty to four of the counts. The remaining four counts were dismissed. By sentencing entry filed same date, the trial court sentenced appellant to an aggregate term of thirty-two months in prison. On November 3, 2009, the trial court filed a restitution statement ordering appellant to pay restitution to Sandra Azbell in the amount of $510.00. Appellant did not file an appeal.

**{¶2}** On March 31, 2010, appellant filed a motion objecting to the restitution order. By judgment entry filed April 16, 2010, the trial court denied the motion.

**{¶3}** On May 5, 2010, appellant filed a motion for judicial release. By judgment entry filed August 25, 2010, the trial court denied the motion.

**{¶4}** On February 17, 2011, appellant filed a motion to withdraw plea and a motion to vacate the restitution order and sentence. By judgment entries filed March 21, 2011, the trial court denied both motions.

**{¶5}** Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

**{¶6}** "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT-APPELLANT'S MOTION TO VACATE RESTITUTION ORDER AS VOID DUE TO THE TRIAL COURT ENTERING A RESTITUTION ORDER SUBSEQUENT TO THE SENTENCING AND FOR A DISMISSED COUNT, AND FAILING TO HOLD A REQUIRED HEARING TO ESTABLISH PROOF OF THE

ACTUAL ECONOMIC LOSS TO THE VICTIM, IF ANY, AND THE DEFENDANT-APPELLANT'S ABILITY TO PAY THE RESTITUTION, WHICH WAS CONTRARY TO LAW."

II

{¶7} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT-APPELLANT'S MOTION TO VACATE RESTITUTION ORDER AND SENTENCE AS VOID AND FOR IMMEDIATE RELEASE AND MOTION TO WITHDRAW PLEA, PRE-SENTENCING WHEN THE RECEIVING STOLEN PROPERTY COUNTS SHOULD HAVE BEEN MERGED AND THEREAFTER DISMISSED FOR INSUFFICIENT EVIDENCE OF THE VALUE OF THE LOSS, AN ESSENTIAL ELEMENT OF THEFT-RELATED OFFENSES AND DETERMINES THE LEVEL OF OFFENSE."

III

{¶8} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT-APPELLANT'S MOTION TO VACATE RESTITUTION ORDER AND SENTENCE AS VOID AND FOR IMMEDIATE RELEASE AND MOTION TO WITHDRAW PLEA, PRE-SENTENCING, WHICH VIOLATED THE DEFENDANT-APPELLANT'S CONSTITUTIONAL AND STATUTORY RIGHTS, WHEN THERE WERE SUBSTANTIAL GROUNDS TO WITHDRAW DEFENDANT-APPELLANT'S PLEA, INCLUDING THAT THE PLEA AGREEMENT WAS CLEARLY BREACHED BY THE STATE, AND THEREFORE, THE CONVICTION AND SENTENCE ARE VOID."

IV

{¶9} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN VIOLATION OF THE DEFENDANT-APPELLANT'S STAUTORY RIGHTS WHEN IT FAILED TO VACATE THE RESTITUTION ORDER, SENTENCE, AND CONVICTION AS VOID, AND FAILED TO ORDER THE IMMEDIATE RELEASE OF THE DEFENDANT-APPELLANT."

I

{¶10} Appellant claims the trial court erred in denying her motion to vacate the restitution order as the order was void. Appellee, the state of Ohio, claims the issue is res judicata because appellant never timely appealed the restitution order and never timely appealed the trial court's April 16, 2010 denial of her objections to the order. We agree with appellee.

{¶11} On October 15, 2009, appellant pled guilty to Counts I, II, III, and IV in exchange for a dismissal of Counts V, VI, VII, and VIII. The indictment did not specifically state the victims' names for each count, nor did it list a specific victim. Appellant was sentenced on October 15, 2009. On November 3, 2009, the trial court filed a restitution statement ordering appellant to pay Sandra Azbell $510.00 in restitution.

{¶12} In its October 15, 2009 sentencing entry, the trial court noted, "[t]he defendant shall pay any restitution, all costs of prosecution, court appointed counsel costs and any fees permitted pursuant to R.C. 2929.18."

{¶13} A transcript of the plea and sentence was not filed in order for this court to review if any discussion on restitution was held. In *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, the Supreme Court of Ohio held the following:

{¶14} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that '***the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.***.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)

{¶15} Appellant did not appeal the October 15, 2009 sentence, the November 3, 2009 restitution order, or the April 16, 2010 denial of her objections to the restitution order. In *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." We concur with appellee that res judicata bars litigation of the restitution issue in this case.

{¶16} Assignment of Error I is denied.

## II, III, IV

{¶17} Appellant claims the trial court erred in denying her motion to withdraw her plea and her motion to vacate the restitution order and sentence. Appellant claims her sentence was void based upon the restitution order, and she should have been permitted to withdraw her plea based upon merger and the failure to abide by the plea agreement. We disagree.

{¶18} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. *State v. Smith* (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶19} Appellant argues she should have been permitted to withdraw her plea because appellee breached the plea agreement and the trial court failed to merge the four counts of receiving stolen property.

{¶20} As correctly argued by appellee, the merger issue was subject to direct appeal and was not appealed; therefore, res judicata applies. In addition, all four counts to which appellant pled occurred on separate days and would not qualify as the same conduct. See, *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314.

{¶21} Appellant also claims appellee violated the plea agreement. The agreement stated appellee would not oppose judicial release after six months. After appellant applied for judicial release on May 5, 2010, appellee filed a memorandum on June 1, 2010 stating, "[t]he State, at this time takes no position on the matter of judicial release. Therefore, the State leaves the matter of judicial release in this matter in the sound discretion of the Court." By judgment entry filed August 25, 2010, the trial court denied appellant's request for judicial release. The record only reveals that in the plea, appellee agreed not to oppose judicial release. It is silent as to any other promises.

{¶22} We find the plea agreement was not breached and appellant's request to withdraw her plea was not based upon any justifiable grounds.

{¶23} Assignments of Error II, III, and IV are denied.

{¶24} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Edwards, J. concur.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ Julie A. Edwards_____

JUDGES

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                         :

                                     :

      Plaintiff-Appellee            :

                                       :

-vs-                                :            JUDGMENT ENTRY

                                     :

CHRISTIE I. MILLS              :

                                     :

      Defendant-Appellant      :            CASE NO. 11CA39

 

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.  Costs to appellant.

 

                                     s/ Sheila G. Farmer_____

                                     s/ Patricia A. Delaney_____

                                     s/ Julie A. Edwards_____

                                           JUDGES